**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

CAROL VIRGINIA ROLLO
and MICHAEL RYAN ROLLO,

      Plaintiffs,

v.                              Case No.: 3:09cv146/MCR/EMT

STEVEN M. KEIM and
THE HERTZ CORPORATION,

      Defendant.
_____/

**O R D E R**

      Plaintiffs Carol and Michael Rollo ("plaintiffs") initially filed this action in the Circuit Court of Escambia County, Florida. Defendants Steven Keim and The Hertz Corporation ("defendants") then removed the case to this court. Pending before the court is plaintiffs' Motion to Remand. (Doc. 5). For the reasons that follow, plaintiffs' motion is DENIED.

**Background**

      In January 2005 in Pensacola, Florida, Plaintiff, Carol Virginia Rollo, was involved in a rear end collision with Defendant, Steven Keim, who at the time was operating a vehicle owned and leased to him by Defendant, The Hertz Corporation. In December 2008, plaintiff filed a law suit in state court for damages against the defendants alleging negligent operation and defective maintenance of the vehicle. The suit also contained a claim for loss of consortium by Plaintiff, Michael Rollo. According to the complaint, the plaintiffs are both Florida residents, Defendant Keim is a resident of Texas, and Defendant, The Hertz Corporation is doing business in Florida.

      Defendants removed the action to this court on April 2, 2009, pursuant to the court's diversity and federal question jurisdiction. The Notice of Removal (doc. 1) states that at the time of the accident Defendant Keim was an employee of the United States Marine Corps in Pensacola on government business and thus federal question jurisdiction exists under

the Federal Tort Claims Act, 28 U.S.C. 2671, *et seq*. The Notice additionally states that complete diversity of citizenship exists based on plaintiffs' status as Florida residents, Keim's status as a Texas resident, and The Hertz Corporation's status as incorporated in Delaware with its principal place of business outside of Florida, and an amount in controversy exceeding $75,000.[1] Plaintiffs argue in their motion to remand that "[o]n best information and good faith belief" Defendant Keim was not an employee of the armed forces at the time of accident" and thus federal question jurisdiction does not exist under the Federal Tort Claims Act, and further that diversity jurisdiction is lacking because The Hertz Corporation was registered and doing business in Florida at the time of the accident and also defendant cannot show that the amount in controversy is greater than $75,000.

**Legal Standards**

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law. See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002); Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); see also University of Southern Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Pacheco de Perez v. AT & T Co., 139 F.3rd 1368, 1373 (11th Cir. 1998). In order for a federal court to have jurisdiction over a case pursuant to the diversity statute, the amount in controversy must exceed $75,000, exclusive of costs and interest, and there must be complete diversity of citizenship. See 28 U.S.C. § 1332.

---

[1] Defendants Reply Brief in Opposition to Plaintiffs' Motion to Remand identifies New Jersey as The Hertz Corporation's principal place of business.

After removal, the plaintiff may move to remand to state court pursuant to 28 U.S.C. § 1447(c). A motion to remand based on a removal defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the notice of removal. 28 U.S.C. § 144(c). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.

The Eleventh Circuit Court of Appeals has recently clarified "how a district court must proceed in evaluating its jurisdiction after removal." Lowery v. Alabama Power Co., 483 F.3d 1184, 1187 (11th Cir. 2007).[2] In Lowery, the court held that "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Id. at 1208 (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996) overruled on other grounds Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000)). The court then went on to explain that, under 28 U.S.C. § 1446(b), removal may be premised on either the plaintiff's initial pleading, such as a complaint, or "a copy of an amended pleading, motion, order or other paper." Id. at 1212-13. If, however, removal is based on a document other than the plaintiff's initial pleading, this document must have been supplied by the plaintiff. Id. at 1213 n.63, 1215. The court then concluded that "in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff - be it the initial complaint or a later received paper - and determines whether that document and the notice of removal [the removing documents] unambiguously establish federal jurisdiction." Id. at 1213. The court cautioned that if the jurisdictional amount is not clear from the face of or readily deducible from the removing documents, then "the court must remand." Id. at 1211. Therefore, under the approach adopted in Lowery, jurisdiction "is either evident from the removing documents or remand is appropriate." Id. The defendant and the court may not speculate about the amount in

---

[2] Although Lowery was decided in a Class Action Fairness Act ("CAFA") case, its holdings are not limited to that context. See Constant v. Int'l House of Pancakes, Inc., 487 F.Supp.2d 1308 (N.D.Ala. 2007).

controversy, nor should the district court's jurisdiction be "divined by looking to the stars." Id. at 1215.

**Discussion**

From a review of the removal documents it is evident that complete diversity of citizenship is present in this case and that the amount in controversy exceeds $75,000, exclusive of costs and interest.[3] As an initial matter, the court notes that plaintiffs' understanding of a corporate body's citizenship status under 28 U.S.C. § 1332 is incorrect. Merely alleging that a corporate defendant is registered and doing business in a particular state does not address the question of citizenship for that corporation under § 1332. Instead, as the statute clearly reads, a corporation is deemed a citizen of any state in which it has been incorporated and of the state where its principal place of business is located.[4] 28 U.S.C. § 1332. As shown by the Notice of Removal, The Hertz Corporation is incorporated under the laws of Delaware with its principal place of business outside of Florida. The court thus finds that The Hertz Corporation is not a citizen of Florida, and that the parties to this action are completely diverse for purposes of §1331.

With complete diversity present, the only jurisdictional issue is whether the amount in controversy requirement has been satisfied. In their complaint, plaintiffs allege only that "[t]his is an action for damages in excess of fifteen thousand ($15,000.00) dollars." In their notice of removal defendants assert that the $75,000 amount in controversy requirement is satisfied by a demand letter drafted and supplied by plaintiffs on August 19, 2008, in which plaintiffs estimated the value their claims at $200,000. This demand letter was attached to defendants' notice of removal. As the Eleventh Circuit made clear in Lowery, in assessing the propriety of a removal which is challenged within thirty days of the removal, "the district court has before it only the limited universe of evidence available

---

[3] Based on this conclusion, the court finds it unnecessary to address the question of federal question jurisdiction as a basis for removal.

[4] A plaintiff cannot avoid federal diversity jurisdiction by incompletely or incorrectly alleging a party's citizenship under §1332.

Case No.: 3:09cv146/MCR/EMT

when the motion to remand is filed - i.e., the notice of removal and accompanying documents."[5]  Lowery, 483 F.3d at 1213-14, 1219.  "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings."  Id. at 1214-15 (citing Lindsey v. Ala. Tel. Co., 572 F.2d 593, 595 (5th Cir. 1978)).  In this case, because plaintiffs' demand letter was included with defendants' notice of removal, it is a "paper" the court can consider in evaluating the propriety of the removal and whether jurisdiction was present at that time.[6]  Based on the special damages for Carol Rollo outlined in the demand letter, together with the likelihood of general damages when such specials are proven and the additional loss of consortium claim for Michael Rollo, it is evident to the court from the removal papers that the amount in controversy in this case exceeds $75,000, exclusive of costs and interest.  Accordingly, Plaintiffs' Motion to Remand (doc. 5) is DENIED.

**DONE and ORDERED** this 16th day of June, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[5]  Because plaintiffs filed their amended motion to remand within thirty days of defendant's removal, the court's assessment is limited to the removing documents.  See Lowery, 483 F.3d at 1213 n. 64.  The court notes, however, that if a plaintiff challenges removal after the thirty-day period has lapsed "the court may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction."  Id.  This is because in such a situation, "the court is no longer considering the propriety of the removal, but instead, whether *subject matter jurisdiction* exists at all."  Id. (citations omitted) (emphasis in original).

[6]  Plaintiffs argument that the court is prohibited from considering their demand letter under Federal Rule of Evidence 408 is unconvincing and misplaced.  Rule 408 prohibits the use of settlement or demand letters only to prove "liability for or invalidity of the claim or its amount."  FED. R. EVID. 408.  It does not either expressly or implicitly disallow the use of such communications to determine the amount in controversy for purposes of determining federal jurisdiction.  See *Babasa v. Lenscrafters, Inc.*, 498 F.3d 972 (9th Cir. 2007); *Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002); *Katz v. J.C. Penny Corp, Inc.*, 2009 WL 1532129 (S.D. Fla. 2009); *Munoz v. J.C. Penny Corp., Inc.*, 2009 WL 975846 (C.D. Cal. 2009); *Haydel v. State farm Mutual Automobile Insurance Company.*, 2008 WL 2781472 (M.D. La. 2008); *Vermande v. Hyuandi Motor America, Inc.*, 352 F.Supp.2d 195 (D. Conn. 2004).  The court's consideration of the plaintiffs' demand letter has no bearing on any issue of liability in this case, including the validity of a claim or its amount.

Case No.: 3:09cv146/MCR/EMT